MERCEDES DE LA TORRE, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN JUAN (SECOND SECTION), Respondent.

No. 1079. Submitted November 14, 1940.—Decided November 30, 1940.

*Arturo O'Neill* for appellant. The registrar did not appear.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In an action of debt brought, in the District Court of San Juan, by The National City Bank of New York against Mercedes de la Torre, judgment was rendered on June 11, 1932, adjudging the defendant to pay to the plaintiff a certain sum of money. Eight years afterward, on May 28, 1940, the plaintiff bank, invoking the act which provides the manner of establishing judgment liens (Comp. Stat. 1911, p. 859), presented in the Registry of Property of San Juan, Second Section, a summary of the said judgment, and upon the payment of the proper fees, it obtained the record of the same in the Registry of Judgments.

On the 2nd of last October, Mercedes de la Torre, presented a written petition in said registry, wherein she alleged that the judgment in question had already lapsed at the time that the record thereof in the Registry of Judgments was requested, as the period of five years to which section 243 of the Code of Civil Procedure refers had fully expired, and said petition concluded with the following prayer:

"Wherefore, the petitioner prays that the Registrar of Property of San Juan, Second Section, order the cancellation in the proper

books of the lien which burdens or might burden her present or future property, *through the cancellation of the record of the judgment* in case No. 14908 above mentioned." (Italics ours.)

The registrar denied the cancellation sought, on the grounds that the period of five years referred to in subdivision *d* of section 1 of Act No. 2 of August 29, 1923 (Session Laws, (2) p. 36) entitled "An Act regulating the procedure for the cancellation in the registry of property of liens, etc.," must be counted from the constitution of the lien in the registry, citing the case of *Suárez* v. *Registrar*, 52 P.R.R. 847, and that, as the judgment in question was recorded in 1940, said period had not yet elapsed and hence the cancellation sought did not lie.

Mrs. De la Torre appealed to this court and insists that, in accordance with section 243 of the Code of Civil Procedure, the judgment became ineffective upon the expiration of five years after the entry thereof in the office of the clerk of the trial court; that, as the judgment was ineffective, its record could not produce any legal effect; and that therefore such record should be cancelled in accordance with section 79 of the Mortgage Law and section 132 of its Regulations.

The pertinent part of section 1 of the act cited by the registrar provides:

"Section 1.—On written application of a party or of the representative of such party, authenticated before a notary, the Registrars of Property shall proceed to cancel in the respective register:

"   *   *   *   *   *   *   *

"(*d*) Judgment liens recorded in the registry *for over five (5) years*, provided this term is not extended by order of a competent court, but in no case shall such extension be for a term longer than five (5) years." (Italics ours.)

The appellant in her brief particularizes more her contention and relies on that portion of section 79 of the Mortgage Law which says:

"Article 79.—A total cancellation may be demanded and must be ordered in case:

"     *       *       *       *       *       *       *

"2. When the recorded right is also completely extinguished . . ."

Subdivision 2, just transcribed, clearly refers to a right which although valid at the time that it was recorded it subsequently becomes extinguished by reason of some fact or circumstance, which, in accordance with the terms in which the same has been constituted, produces its extinction, as for example, the death of the person in whose favor a usufructuary right has been recorded, or the fulfillment of a resolutory condition.

In the present case what the appellant maintains is that the record was void *ab initio,* that it never had any legal existence, because at the time it was made the effects of the judgment had become extinguished by reason of the complete expiration of the term of five years to which said section 243 refers. In other words, this case is not one where it is sought to correct an error in the record, but where the registrar is asked, acting by himself and without hearing the party in whose favor the judgment was recorded, to declare void the record previously made and signed and to cancel the same. Such a declaration can not be made by the registrar, this being a matter of the exclusive competency of the courts, as stated in the decision of the General Directorate of Registries of June 21, 1899.

In the decision of June 8, 1896, rendered by the same administrative bureau, construing sections 77 to 82, and 254 to 264 of the Mortgage Law, and the concomitant sections of the Regulations, it was said:

"Whereas the questions as to the validity or nullity of the transactions entered on the books of the Registry of Property can only be determined by the courts, under whose protection are the entries made on said books, according to the repeated decisions of this Bureau. . ."

In another decision, dated November 29, 1897, the same Bureau again said:

"Whereas this last entry, until cancelled, produces all its effects as regards third persons, in accordance with the doctrine of the Mortgage Law, repeatedly upheld by this Directorate, to the effect that the entries on the registry, *even though made irregularly or in violation of any legal provision*, are regarded as valid until declared to be void by the courts, at the instance of a party." (Italics ours.)

The doctrine is not new in this jurisdiction. In the case of *García* v. *Registrar,* 33 P.R.R. 911, 913, after citing with approval the decision in *Bolívar* v. *Registrar,* 13 P.R.R. 362, this court said:

" 'This court held in the case of *Bolívar et al.* v. *Registrar,* 13 P.R.R. 362, that 'after a record is made in the registry of property the registrar has no authority to annul the same without the knowledge and consent of the parties in interest, such powers being vested exclusively in the courts of justice.' ''

See to the same effect *Dávila* v. *Registrar,* 28 P.R.R. 183, 186, and *García* v. *Registrar,* 51 P.R.R. 52.

In view of the conclusion we have reached regarding the lack of power on the part of the registrar to declare void and to cancel a record previously made and signed, it is not necessary for us to construe section 243 of the Code of Civil Procedure relied on by the appellant, since whatever the legal effect of said record, the registrar can not cancel the same without an order from a competent court, to which resort should be had in order that in a plenary suit and after hearing the interested parties, the question may be decided.

In view of the foregoing the appeal must be overruled and the decision appealed from affirmed.